UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE AUTOMATION LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>KALEIDESCAPE, INC.,<br><br>   Defendant. | Case No. 13-cv-05651-JD<br><br>**ORDER DENYING INNOVATIVE'S ADMINISTRATIVE MOTION TO SEAL** |

Plaintiff Innovative Automation LLC ("Innovative") has filed an Administrative Motion to File Under Seal certain information in its Opposition to Defendant's Motion to Strike Patent L.R. 3-1 Disclosures and Exhibit C to Marie McCrary's Declaration in support of the opposition. Dkt. No. 51. Plaintiff claims that the motion and its exhibits contain information that has been designated as "Highly Confidential -- Attorneys' Eyes Only" by defendant Kaleidescape, Inc. *Id*. Pursuant to Civil Local Rule 79-5, Kaleidescape, Inc. submitted a declaration seeking to establish that the designated material is sealable. Dkt. No. 56.

**I. GOVERNING STANDARD**

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more,

1  satisfy" it. *Id*. at 1180 (citations omitted). When ordering sealing in this context, the district court
2  must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*,
3  658 F.3d 1150, 1162 (9th Cir. 2011).

4      The non-dispositive motion context is different. There, "the usual presumption of the
5  public's right of access is rebutted," the "public has less of a need for access to court records
6  attached only to non-dispositive motions," and the "public policies that support the right of access
7  to dispositive motions, and related materials, do not apply with equal force to non-dispositive
8  materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). Therefore, in that context,
9  materials may be sealed so long as the party seeking sealing makes a "particularized showing"
10 under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id*. at 1180 (quoting
11 *Foltz*, 331 F.3d at 1138).

12     In our district, in addition to meeting the applicable standard under *Kamakana*, all parties
13 requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement
14 that the request must "establish[] that the document, or portions thereof, are privileged, protectable
15 as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R.
16 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable
17 material." *Id*.

18 **II. DISCUSSION**

19     This sealing request relates to an opposition to a motion to strike a patent disclosure, which
20 is not a dispositive motion. As a result, the "good cause" standard is appropriate.

21     Innovative seeks to seal Exhibit C to the McCrary Declaration, which is a single slide
22 taken out of a larger presentation entitled "Welcome to the Kaleidescape Technical Boot Camp,"
23 the entirety of which Kaleidescape has designated as highly confidential. Dkt. No. 56 ¶4.
24 Innovative's opposition includes information derived from Exhibit C. Dkt. No. 51. The slide
25 itself presents an illustration showing how devices might be connected through a router-based
26 system in a typical home environment. The slide does not present any information that even
27 arguably appears privileged or protectable, and it appears to the Court to be completely innocuous.
28

Kaleidescape alleges that Innovative "should not be able to take a single page out of context from a lengthy 'Highly Confidential -- Attorneys' Eyes Only' document and file it publicly." Dkt. No. 56 ¶4. Kaleidescape claims the "complete document contains highly technical and business information, including information regarding Kaleidescape's proprietary technologies, that is not publicly known and could cause Kaleidescape harm were it to become publicly known." *Id.*

While that might be true for the complete document, which is not a question before the Court, the specific slide in issue is utterly devoid of anything protectable. The Court admonishes counsel not to waste their time or their clients' money on needless issues like this, and advises that other filings this trivial will be met with sanctions.

**IT IS SO ORDERED**.

Dated: October 17, 2014

_____
JAMES DONATO
United States District Judge