*E-Filed: October 23, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INNOVATIVE AUTOMATION LLC,<br><br>   Plaintiff,<br>   v.<br><br>KALEIDESCAPE, INC.,<br><br>   Defendant. | No. C13-05651 JD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE OR COMPEL SUPPLEMENTATION OF PLAINTIFF'S PATENT L.R. 3-1 DISCLOSURES**<br><br>[Re: Docket No. 40] |

Innovative Automation LLC ("IA") sues Kaleidescape, Inc. for infringement of U.S. Patent No. 7,174,362 C1 ("the '362 patent"). Kaleidescape moves for an order either striking IA's infringement contentions, or in the alternative, compelling IA to supplement its infringement contentions. Dkt. No. 40. IA filed an opposition, and Kaleidescape filed a reply. Dkt. Nos. 51, 62. The motion is deemed suitable for determination without oral argument. The October 28, 2014 hearing is vacated. Civ. L.R. 7-1(b). Based on the moving and responding papers, the Court grants the motion.

### BACKGROUND

The '362 patent describes and claims a system and computer-implemented method of digital data duplication utilizing a computer network. IA asserts that Kaleidescape infringes the '362 patent by making, selling, and using the Kaleidescape Home Entertainment System ("KHES"). The KHES enables users to play movies and music, by utilizing a variety of components—including servers, players, and disc vaults—connected to a network. Kaleidescape also offers an online store

that allows users to browse, purchase, and download movies and music to the other components of the KHES.

In March 2014, IA served preliminary infringement contentions. Kaleidescape notified IA that it believed its infringement contentions were deficient and failed to comply with the Patent Local Rules. Besides correcting a typographical error, IA declined to amend its infringement contentions. The parties met and conferred in person in both August and September. IA again declined to amend its infringement contentions.

Kaleidescape moves for an order either striking IA's infringement contentions, or in the alternative, compelling IA to supplement its infringement contentions. Dkt. No. 40. IA filed an opposition, and Kaleidescape filed a reply. Dkt. Nos. 51, 62.

## LEGAL STANDARD

The Patent Local Rules of this District provide for a "'streamlined' mechanism to replace the 'series of interrogatories that defendants would likely have propounded' in its absence." *FusionArc, Inc. v. Solidus Networks, Inc.*, No. C06-06770 RMW (RS), 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007) (quoting *Network Caching Tech., LLC v. Novell Inc.*, No. C01-2079 VRW, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002)). As such, a plaintiff is required to include in its infringement contentions all facts known to it, including those discovered in its Fed. R. Civ. P. 11 pre-filing investigation. *Network Caching Tech., LLC*, 2002 WL 32126128, at *4. The rules "require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006); *see also Atmel Corp. v. Info. Storage Devices, Inc.*, C95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998).

Patent Local Rule 3-1 requires a plaintiff in a patent infringement action to serve infringement contentions setting forth "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party" and identifying for each asserted claim "each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware." Patent L.R. 3-1(a), (b). The identification of each Accused Instrumentality should be "as specific as possible." Patent L.R. 3-1(b). "Each product, device, and

apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process." *Id.*

In addition, a plaintiff must provide a "chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." Patent L.R. 3-1(c).

These rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case." *See DCG Sys. v. Checkpoint Tech., LLC*, No. C11-03729 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (internal quotation marks omitted). But to the extent appropriate information is reasonably available to it, a patentee must nevertheless disclose the elements in each accused instrumentality that it contends practices each and every limitation of each asserted claim. *Cf. FusionArc, Inc.*, 2007 WL 1052900, at *1.

## DISCUSSION

The infringement contentions identify the accused instrumentality as "the Kaleidescape home entertainment systems (including Kaleidescape servers, players, disc vaults, and Kaleidescape Store) that download, store, and stream digital video and audio content (the 'Kaleidescape Home Entertainment System')." Lee Decl., Exh. A, at 1. The claim chart mentions three Kaleidescape products—Kaleidescape's Cinema One, 1U and 3U servers—by way of example as well as the Kaleidescape Store.

The infringement contentions fail to comply with Patent L.R. 3-1. First, they fail to cite to specific Kaleidescape devices by either their names or model numbers, even though this information was publicly available on Kaleidescape's website. *See* http://www.kaleidescape.com/support/doc.php. Only three Kaleidescape products—Kaleidescape's Cinema One, 1U and 3U servers—are mentioned by name, and only by way of example. Referring to the accused instrumentality by either broad categorical descriptions or by way of representative examples is prohibited by the Patent Local Rules. *See Oracle Am., Inc. v. Google Inc.*, No. C10-03561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011) ("The Patent Local Rules

3

required specific identification of particular accused products. They did not tolerate broad categorical identifications like 'mobile devices running Android,' nor did they permit the use of mere representative examples."). Generally referring to the accused instrumentality as the "Kaleidescape home entertainment systems" is therefore insufficient.

Second, the claim chart fails to specifically identify how each allegedly infringing device performs the steps of the claimed methods. IA does not tie the claims to specific Kaleidescape products. By way of example, Claim Element 2C claims "transmitting said requests through a network at a computer." Lee Decl., Exh. A, at 6. After reciting the claim language, the claim chart specifies only that "Kaleidescape transmits said requests through a network to a computer. Specifically, Kaleidescape transmits said requests through the internet to a computer server owned and/or controlled by Kaleidescape." *Id.* The elements included in the claim chart do not tie any products to the claim limitations, and do not refer to the products by name. This is in violation of the Patent Local Rules. *Tech. Licensing Corp. v. Grass Valley USA, Inc.*, No. C12-06060 PSG, 2014 WL 3752108, at *2 (N.D. Cal. July 30, 2014) ("Patent L.R. 3-1(c) requires the patentee to specifically match claim limitations with an accused instrumentality.").

IA requests leave to amend its infringement contentions if they are found to be deficient. "Where appropriate, courts treat a motion to strike as a motion to compel amendment to include additional information." *France Telecom S.A. v. Marvell Semiconductor, Inc.*, No. C12-04967 WHA (NC), 2013 WL 1878912, at *2 (N.D. Cal. May 3, 2013). Accordingly, IA is granted leave to amend its infringement contentions.

## CONCLUSION

For the reasons stated above, Kaleidescape's Motion to Strike or Compel Supplementation of Plaintiff's Patent L.R. 3-1 Disclosures is granted. IA's infringement contentions as they relate to the '362 patent are hereby stricken with leave to amend within twenty-one (21) days of the date this Order is filed.

**IT IS SO ORDERED.**

Dated: October 23, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C13-05651 JD Notice will be electronically mailed to:**

Adam Gutride     adam@gutridesafier.com, 1840923248420@ec2-54-201-15-189.us-west-2.compute.amazonaws.com

Alden Kwong Wei Lee     alee@bdiplaw.com, spearson@bdiplaw.com

Anthony J Patek     apatek@pateklaw.com, anthony@gutridesafier.com

Brian A. E. Smith     bsmith@bdiplaw.com, spearson@bdiplaw.com

Henry C. Bunsow     hbunsow@bdiplaw.com, halic@bdiplaw.com, jsprague@bdiplaw.com

Marie Ann McCrary     marie@gutridesafier.com

Seth Adam Safier     seth@gutridesafier.com

Todd Michael Kennedy     todd@gutridesafier.com, 1840923248420@ec2-54-201-15-189.us-west-2.compute.amazonaws.com, 76023834201@docketbird.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**